**Mario FIGUEROA, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 7817.

Court of Appeals of Alaska.

Oct. 19, 1984.

Carl E. Forsberg, Birch, Horton, Bittner, Pestinger & Anderson, Anchorage, for appellant.

John A. Scukanec, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Mario Figueroa entered a plea of no contest to a charge of assault in the second degree, AS 11.41.210(a)(1). Superior Court Judge James Blair sentenced Figueroa to four years' imprisonment with two years suspended. The written judgment further ordered that Figueroa complete two years of probation. Figueroa appeals, contending that his trial counsel was ineffective. He also challenges as illegal the portion of his sentence requiring him to complete two years of probation. We affirm.

█ In order to prevail on his claim of ineffective assistance of counsel, Figueroa had the burden of establishing, first, that the service he received from his trial attorney fell below the level of competence that would be displayed by a lawyer of ordinary training and skill in the criminal law and, second, that his attorney's incompetence contributed to his conviction. *See Coleman v. State,* 621 P.2d 869, 879 (Alaska 1980); *Risher v. State,* 523 P.2d 421, 424–25 (Alaska 1974); *Springer v. State,* 666 P.2d 431, 435 (Alaska App.1983). *See also Strickland v. Washington,* — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Figueroa's ineffective assistance of counsel claim encompasses three separate arguments: (1) that his trial attorney, Daniel Saluri, failed to advise him of his right to a peremptory challenge of Judge Blair; (2) that Saluri failed to prepare adequately for trial and refused to raise appropriate defenses; and (3) that Saluri could no longer effectively communicate with him at the time of sentencing and therefore essentially provided no assistance during the sentencing hearing.

Figueroa's arguments were initially presented at a post-conviction hearing before Judge Blair. While Figueroa, through his own testimony at the hearing, provided some evidence to support his ineffective assistance claim, Daniel Saluri also testified extensively and refuted Figueroa's allegations. At the completion of the evidentiary hearing, Judge Blair found that Saluri had provided Figueroa with legal representation that was in all respects competent. Judge Blair relied on Saluri's testimony, as well as on statements Figueroa made at his change of plea hearing.[1] Judge Blair expressly rejected the testimony Figueroa gave at the post-conviction hearing and specifically found that Figueroa was not a credible witness.

█ The primary responsibility for determining credibility is with the trial court, since that court has the opportunity to hear testimony when it is given and to observe the demeanor of witnesses who appear before it. Here, Judge Blair's ruling was based on his determination that Figueroa was not a credible witness, while Saluri was. Upon review of the record on appeal, we perceive no basis for disturbing Judge Blair's findings concerning credibility. We therefore conclude that Figueroa has failed to establish that Saluri was ineffective in his legal representation.[2]

1. At the change of plea hearing, Figueroa informed the court that Saluri had "tried to do his best." Figueroa then indicated that he was satisfied with Saluri's representation. These remarks are in direct conflict with Figueroa's post-conviction testimony, in which he stated that he changed his plea only because he was dissatisfied with Saluri's performance and had been threatened by Saluri with a thirty-year sentence if he did not change his plea.

2. Even if Figueroa had proven that his counsel did not provide competent representation, a significant question would remain concerning the

Figueroa next contends that the probationary portion of his sentence was unlawfully imposed. At the sentencing hearing, Judge Blair orally imposed a term of four years' imprisonment with two years suspended. However, the judge did not expressly order Figueroa to be placed on probation during the suspended portion of the sentence. A written judgment, filed several weeks after sentencing, specified for the first time that Figueroa was to serve a two-year period of probation, subject to the standard conditions. Figueroa argues that the inclusion of the probationary period in the written judgment amounted to an impermissible increase in the sentence originally imposed. *Sonnier v. State,* 483 P.2d 1003, 1005 (Alaska 1971).

It is well settled that, where there is a conflict between an orally imposed sentence and a subsequent written judgment, the oral sentence controls. *See, e.g., Charles v. State,* 606 P.2d 390, 391 n. 4 (Alaska 1980). In the present case, however, the oral sentence as originally pronounced suspended two years of imprisonment without providing for any period of probation whatsoever. Under AS 12.55.-080, whenever a sentencing judge suspends a sentence of imprisonment, the judge is required to place the defendant on probation. While the initial decision whether to suspend a sentence of imprisonment is a discretionary one, once all or part of a sentence is suspended, the statute makes probation mandatory. *United States v. Ellenbogen,* 390 F.2d 537, 541 (2d Cir.), *cert. denied,* 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968); *United States v. Sams,* 340 F.2d 1014, 1020 (3d Cir.), *cert. denied,* 380 U.S. 974, 85 S.Ct. 1336, 4 L.Ed.2d 270 (1965). *See also United States v. Graham,* 325 F.2d 922, 925 (6th Cir.1963) (suspension of sentence without placing defendant on probation did not constitute final judgment). Thus, Figueroa's oral sentence was obviously incomplete when first pronounced, and it was therefore not meaningfully imposed. Correction of the original sentence was permissible under these circumstances. *See Dentler v. State,* 661 P.2d 1098, 1099 (Alaska App.1983). *See also Manderson v. State,* 655 P.2d 1320, 1324 (Alaska App.1983) (probation period is meaningless without imposition of suspended time). Furthermore, because the nature of the court's oversight is apparent from the contemporaneous record of the sentencing hearing, it was not impermissible for Judge Blair to correct the error by providing for a two-year period of probation, subject to the standard conditions. *See Shagloak v. State,* 582 P.2d 1034, 1037–38 (Alaska 1978).

The conviction and sentence are AFFIRMED.

---

adequacy of the evidence to show that the incompetence affected Figueroa's conviction or sentence. Figueroa's testimony is far from clear in establishing that he would have exercised a peremptory challenge as to Judge Blair if given the opportunity. Figueroa gave no particular reason why he would have exercised a peremptory challenge, but stated only that he "might have considered" challenging the judge after being in jail for a while and hearing some rumors. Similarly, it is not apparent from Figueroa's testimony that Saluri's alleged lack of preparation led to Figueroa's change of plea immediately prior to trial. Saluri testified that Figueroa's decision to plead *nolo contendere* was motivated entirely by his realization that the victim would in fact appear to testify against him at trial. At one point in his testimony, Figueroa indicated that his change of plea was not based primarily on Saluri's lack of preparation, but rather on the fact that Saluri had threatened him with a thirty-year sentence if he proceeded to trial. On appeal, Figueroa has not argued that he was improperly coerced or threatened into changing his plea. Finally, it is not clear how any incompetence by Saluri might have affected Figueroa's sentence. Figueroa has not appealed as excessive the sentence he received from Judge Blair (except with respect to the probationary term, which he alleges was illegally imposed). After Figueroa had obtained independent counsel to argue his ineffective assistance claim, Judge Blair offered to conduct a new sentencing hearing to consider any new evidence or information that might not have been presented or considered at the initial sentencing hearing. Alternatively, the judge offered to consider and rule on a motion to modify the sentence, pursuant to Criminal Rule 35(b). Figueroa subsequently moved to modify the sentence; his motion was denied after a hearing. Denial of the motion to modify has apparently not been appealed.