Clark **DUNHAM**, Appellant,

v.

**CITY AND BOROUGH OF
JUNEAU**, Appellee.

No. A–3034.

Court of Appeals of Alaska.

April 13, 1990.

Monte L. Brice, Brice & Associates, Juneau, for appellant.

John A. Leque, Asst. City–Borough Atty. and Barbara Balsco, City–Borough Atty., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

Clark Dunham was convicted of driving while intoxicated (DWI), in violation of City and Borough of Juneau Code section 72.10.-010, and was sentenced by District Court Judge Linn A. Asper as a first DWI offender. The City of Juneau subsequently moved to correct the sentence, contending that it was illegal because Dunham was in fact a second DWI offender. Magistrate Richard N. Siangco granted the city's motion and resentenced Dunham as a second DWI offender. Dunham appeals, contending that the increase in his original sentence was barred by double jeopardy. We affirm in part and reverse in part.

Dunham appeared before Judge Asper on February 17, 1989, and pled no contest to a charge of DWI. Upon the entry of the no contest plea, the prosecution informed

Judge Asper that Dunham had an out-of-state driver's license and that the city had not yet received a computer print-out of his out-of-state driving record. Judge Asper asked Dunham if he had been convicted of DWI or a similar offense in any state within the past ten years. Dunham expressly assured the court that his record was "clean." Relying on Dunham's assurance, Judge Asper imposed a first offense DWI sentence: a term of thirty days to serve with twenty-seven days suspended, a fine of $500 with $250 suspended, and a ninety-day driver's license revocation. In imposing this sentence, however, Judge Asper cautioned Dunham that the court could bring him back and revise his sentence if he was in fact a second or subsequent DWI offender. Judge Asper further advised Dunham of the mandatory minimum sentencing provisions for first DWI offenders and informed him of the increased mandatory minimum sentences that apply to second and subsequent offenders.

Within a month, the prosecution filed a motion to correct Dunham's sentence, alleging that Dunham had been convicted of DWI in Maine in 1983 and should therefore have been sentenced as a second DWI offender. Following a hearing, Magistrate Siangco granted the prosecution's motion and resentenced Dunham as a second DWI offender, imposing a term of forty days with twenty days suspended, a fine of $750 with $250 suspended, and a one-year license revocation.

■ Dunham argues on appeal, as he did below, that the Alaska Constitution's double jeopardy clause barred any increase in his original sentence. Article 1, section 9 of the Alaska Constitution provides, in relevant part, that "[n]o person shall be put in jeopardy twice for the same offense." It is well settled that this provision prohibits the court from increasing a sentence once it

has been meaningfully imposed; this prohibition operates to assure that criminal defendants are not subjected "to the anxiety and insecurity against which the constitutional prohibition of double jeopardy stands as a safeguard." *Shagloak v. State*, 582 P.2d 1034, 1037 (Alaska 1978). A sentence is meaningfully imposed when it is legally imposed and not subject to modification under the rules of criminal procedure. *Id.*

■ Under the criminal rules, however, a sentence may be modified if it is illegal. Criminal Rule 35(a) expressly provides that "the court may correct an illegal sentence at any time." An illegal sentence is one that contravenes an applicable statute. *Shagloak*, 582 P.2d at 1037; 3 C. Wright, *Federal Practice and Procedure: Criminal 2d* § 582–85 (2d ed.1982).

■ As originally imposed, Dunham's sentence provided for a three-day unsuspended term of incarceration, an unsuspended fine of $250, and a ninety-day license revocation. It is undisputed that the unsuspended portions of Dunham's original sentence coincided with mandatory minimum first offense DWI penalties under both the Juneau Code and the Alaska Statutes. It is similarly undisputed that the mandatory minimum sentence for a second DWI offender—one who has been convicted of another DWI within the preceding ten years—is a period of twenty days in jail, a fine of $500, and a one-year license revocation. No portion of the mandatory minimum sentence may be suspended.

■ Dunham's original sentence would certainly have been legal had he been a first DWI offender. However, because the prosecution established that Dunham was in fact a second DWI offender,[1] the original sentence fell short of the mandatory minimum sentence for a second DWI of-

---

1. Dunham separately contends that his second sentencing hearing was improper because the prosecution did not provide him with five days advance notice of his prior DWI conviction. Dunham relies on the five-day notice requirement set out in Criminal Rule 32(c) for proof of prior felony convictions for presumptive sentencing purposes. Assuming Criminal Rule 32(c) applied to Dunham's situation, however,

the appropriate remedy for failure to comply with its requirements would have been a continuance. *See, e.g., Stewart v. State*, 763 P.2d 515, 518 (Alaska App.1988). Dunham did not request a continuance below; on appeal, he has failed to demonstrate any actual prejudice arising from the lack of notice. We find no merit to his claim.

fender and was consequently illegal. Insofar as the original sentence was illegal, it was subject to correction under Criminal Rule 35(a) and was therefore not a "meaningfully imposed" sentence for double jeopardy purposes. *See State v. Price*, 715 P.2d 1183, 1186 (Alaska App.1986); *State v. LaPorte*, 672 P.2d 466, 468 (Alaska App. 1983).

Nevertheless, the sole justification for increasing the original sentence is the need for compliance with the mandatory minimum sentence prescribed by law. This justification could not support any increase beyond that which was necessary to render the original sentence legal. The sentence imposed by Magistrate Siangco increased Dunham's original sentence from a total (suspended and unsuspended time) of thirty days' incarceration to a total of forty days; the originally imposed three days of unsuspended time were increased to twenty days. Although the increase from three days of unsuspended time to twenty days was necessary to conform the sentence to the mandatory minimum, the increase in the total time from thirty days to forty days was not. Moreover, the amended judgment increased Dunham's original sentence beyond the mandatory minimum by imposing a $250 suspended fine in addition to the $500 mandatory unsuspended fine.

We conclude that the portions of the amended sentence providing for a ten-day increase in the total period of incarceration and for a suspended $250 fine in addition to the $500 unsuspended fine must be vacated. In all other respects, however, the increased sentence must be affirmed.[2]

The corrected judgment is AFFIRMED in part and REVERSED in part. This case is REMANDED to the district court, with directions to enter a modified judgment imposing a sentence of thirty days to serve with ten days suspended, a fine of $500, and a one-year license revocation.

---

**2.** We emphasize that our decision is not meant to encourage reliance on the procedure followed by the court in this case. In an analogous situation, we have made it clear that a continuance of the sentencing hearing is the appropriate means of assuring that sentencing is based upon complete and accurate information concerning a DWI offender's prior criminal record. *See Stewart v. State*, 763 P.2d 515, 518 (Alaska App.1988). In fact, it is conceivable that in some circumstances fundamental fairness might preclude a court from increasing a sentence even if it was unlawful as originally imposed. In the present case, however, several factors convince us that the increase in Dunham's originally imposed sentence did not result in fundamental unfairness. The original decision to treat Dunham as a first DWI offender was strongly influenced by Dunham's affirmative misrepresentation that he had no prior DWI convictions. Moreover, in the initial sentencing hearing the court advised Dunham of the mandatory minimum sentences for first, second, and subsequent offenders and warned that he would be subject to resentencing if he was later found to have a prior conviction. Neither Dunham nor his counsel voiced objection or asked for a continuance until his prior record could be reliably determined. Finally, it appears that the prosecution acted promptly in obtaining information concerning Dunham's prior record and in seeking to have Dunham's sentence corrected once the information was obtained.