Jack **CURTIS**, Appellant,

v.

**STATE of Alaska, Appellee.**

No. A–4035.

Court of Appeals of Alaska.

May 15, 1992.

---

David R. Weber, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

Susan Wibker, Asst. Dist. Atty., Edward E. McNally, Dist. Atty., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

On August 9, 1990, Jack Curtis was sentenced for driving while intoxicated (DWI), AS 28.35.030(a). Believing that Curtis was a first DWI offender, the district court sentenced him to 60 days' imprisonment with 57 days suspended, plus a $250 fine. The 3 days to serve and the $250 fine were the specified minimum penalties for a first offender. AS 28.35.030(c).

Two months later, the State moved to modify Curtis's sentence after discovering that Curtis had a prior DWI conviction from 1987. The district court granted the motion and modified Curtis's sentence to 60 days' imprisonment with 40 days suspended, plus a $500 fine.

Curtis does not challenge the district court's authority to modify his sentence after learning that it was less than the statutory minimum. Curtis points out, however, that under *Love v. State*, 799 P.2d 1343, 1346 (Alaska App.1990), and *Dunham v. Juneau*, 790 P.2d 239, 241 (Alaska App.1990), the district court was authorized to modify the sentence only to the extent necessary to correct the illegality. Curtis contends that, although the minimum fine is $500 for a second offense, the district court is empowered to suspend all or part of this minimum fine. Therefore, Curtis argues, to correct the portion of the original judgment that sentenced him to pay a fine of $250, the district court should have sentenced Curtis to a $500 fine with $250 suspended. We agree.

The 1990 version of AS 28.35.030(c) (the version that governs the sentencing in Curtis's case) provided that, when a person was convicted of a second DWI offense within 10 years, the sentencing court was required to "impose a minimum sentence of imprisonment of not less than 20 consecutive days and a fine of not less than $500". The statute also provided that "execution of sentence [could] not be suspended nor ... probation be granted except on condition that the *minimum imprisonment* provided in this section [was] served." (emphasis added)

Curtis points out that, under AS 28.35.-030(c), the only limitation on the district court's authority to suspend a DWI offender's sentence was the condition that the offender serve the mandated 20 days' imprisonment. The statute imposed no condition on the court's authority to suspend the mandated $500 fine. Thus, Curtis argues, the district court retained the authority to suspend all or part of the minimum fine, and therefore the least amount of judicial intervention necessary to correct the illegality of his original fine—$250 to pay— was to change it to a fine of $500 with $250 suspended.

The State counters that this Court has already held, in *Dunham v. Juneau*, that no portion of the mandated minimum fine can be suspended. 790 P.2d at 240–41. The *Dunham* decision does in fact say this, but we are convinced that this conclusion was hasty. The parties in *Dunham* did not

distinguish between the mandated imprisonment and the mandated fine; the defendant simply argued that his sentence could not be altered.

While courts do not have the inherent power to suspend execution of a sentence, *Pete v. State*, 379 P.2d 625, 626 (Alaska 1963), the Alaska legislature has given this power to the trial courts. AS 12.55.080; AS 12.55.015(a)(7). When a statute of general application grants sentencing courts the power to suspend all or part of a sentence, that statute will govern unless the legislature specifically provides otherwise. *Speas v. State*, 511 P.2d 130 (Alaska 1973). Curtis is correct that AS 28.35.030(c) limits a sentencing court's authority to suspend the term of imprisonment but does not limit the court's authority to suspend the fine. Thus, because AS 28.35.030(c) does not restrict a sentencing court from suspending all or part of the mandatory minimum fine, the court retains this power.

The district court originally ordered Curtis to pay a $250 fine. The mandatory minimum fine for a second DWI offender was $500. To correct the illegality, the district court needed to increase Curtis's fine to $500 with $250 suspended.

This case is therefore REMANDED to the district court with directions to amend the judgement in this manner.