Wilma C. CHRISTENSEN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–4410.

Court of Appeals of Alaska.

Jan. 8, 1993.

Michael R. Smith, Anchorage, for appellant.

John R. Vacek, Dist. Atty., Nome, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

Wilma C. Christensen pleaded no contest to felony importation of alcoholic beverages into a dry community, AS 4.11.496(b) and AS 4.16.200(e)(2). The superior court suspended imposition of Christensen's sentence under AS 12.55.085 and placed her on probation for 2 years. As one of the conditions of her probation, Christensen served 45 days in jail. This appeal concerns another condition of probation that the superior court imposed.

At Christensen's sentencing, just after the court announced the suspended imposition of sentence and the 45 days to serve, the court added:

And I further order that [Christensen] will take alcohol screening and follow the recommendations thereof. Substance abuse evaluation and follow their recommendations. And if such would include some residential time, so be it. There's an alcohol problem here, as evidenced by [Christensen's prior] DWI and evidenced by the probation record itself.

This type of condition of probation is authorized by AS 12.55.100(a)(6). However, when imposing such a condition, the sentencing court must specify the maximum length of residential treatment. AS 12.55.-100(c). The superior court failed to set a maximum length for Christensen's residential treatment.

After completing her jail sentence, Christensen reported for alcohol and substance abuse screening. The evaluator recommended a 45-day course of residential treatment. Christensen's probation officer directed her to complete this residential treatment. Christensen's attorney objected, asserting that the superior court had not obligated her to participate in residential treatment.

Christensen filed a motion asking the court to clarify its judgement. In this motion, Christensen took the position that, if the court amended the judgement to include residential treatment, this would illegally increase her sentence, violating the constitutional guarantee against double jeopardy.

After reviewing the sentencing hearing, Superior Court Judge Charles R. Tunley concluded that he had, in fact, ordered Christensen to comply with any recommendations of the alcohol rehabilitation program, including residential treatment. Judge Tunley acknowledged that, through his own oversight, Christensen's sentence had failed to include an element required by AS 12.55.100(e)—the maximum term of residential treatment. However, because Christensen's sentence lacked this essential component, Judge Tunley concluded that Christensen's sentence had not yet been meaningfully imposed—meaning it could be changed without violating the double jeopardy clause. He therefore modified Chris-

tensen's sentence by setting the maximum length of residential treatment at 90 days.

Christensen now appeals Judge Tunley's decision, arguing that the increase in her sentence violates the constitutional guarantee against double jeopardy. We agree and reverse.

 When a defendant's sentence violates applicable sentencing statutes, the sentence is illegal. *Dunham v. Juneau,* 790 P.2d 239, 240 (Alaska App.1990). If a sentence is illegal, it has not been "meaningfully imposed" for double jeopardy purposes. *Id.* at 241. Thus, the illegal sentence can be corrected, even if this means increasing the severity of the sentence. *Dunham; State v. LaPorte,* 672 P.2d 466, 468–69 & n. 6 (Alaska App.1983); C. Wright, *Federal Practice and Procedure: Criminal* (2nd ed. 1982), § 582, Vol. 3, pp. 380–89. This court has, however, recognized a corollary principle: that an illegal sentence can be modified only to the extent necessary to correct the illegality. *Curtis v. State,* 831 P.2d 359 (Alaska App.1992); *Love v. State,* 799 P.2d 1343, 1346–47 (Alaska App.1990); *Joseph v. State,* 712 P.2d 904, 906 (Alaska App.1986).

 Christensen argues that her sentence was, in fact, complete when Judge Tunley first imposed it. She contends that Judge Tunley's original sentencing remarks must be interpreted to mean that he was sentencing her to a total of 45 days' loss of liberty, either in jail or in residential treatment or a combination of both. We disagree. Our review of the sentencing hearing convinces us that Judge Tunley intended to have Christensen serve 45 days in jail and, in addition, to have her comply with the recommendations of an alcohol and substance abuse evaluator, including potential residential treatment. The flaw in Christensen's sentence was that, after Judge Tunley authorized her participation in a residential treatment program, he neglected to set an upper limit on the length of Christensen's residence in such a program.

The State argues that Christensen's case is conceptually analogous to the question

presented in *Figueroa v. State*, 689 P.2d 512 (Alaska App.1984). Whenever a court imposes a suspended term of imprisonment, the court must place the defendant on probation for a set period of time (during which the suspended jail term may be imposed if the defendant fails to comply with the conditions of his or her release). AS 12.55.080. In *Figueroa*, the court sentenced the defendant to 4 years' imprisonment with 2 years suspended, but the court neglected to specify the length of Figueroa's probation. When this oversight was called to the court's attention, the court amended the judgement to specify a two-year period of probation. 689 P.2d at 514.

This court upheld the superior court's action against the defendant's claim that the modification of his sentence violated the double jeopardy clause. The relevant portion of our decision reads:

> While the initial decision whether to suspend a sentence of imprisonment is a discretionary one, once all or part of a sentence is suspended, the statute makes probation mandatory. Thus, Figueroa's ... sentence was obviously incomplete when first pronounced, and it was therefore not meaningfully imposed. Correction of the original sentence was permissible under these circumstances.

*Figueroa*, 689 P.2d at 514 (citations omitted).

■ While *Figueroa* is facially analogous to Christensen's case, we must reach a different conclusion here. When, as in *Figueroa*, a court imposes a sentence of imprisonment and then suspends a portion of that prison term, the court must necessarily place the defendant on probation and specify the length of that probation. Until the length of probation is fixed, the court's sentencing order lacks an essential part and the suspended portion of the defendant's sentence remains incomplete.

By contrast, in Christensen's case, the court's sentencing order was complete in its three essentials (total length of imprisonment, portion of this total to be suspended, and length of the defendant's probation), and the conditions of probation were set. The flaw lies in one of these conditions of probation. Our previous cases have established the principle that an illegal sentence should not be increased unless absolutely necessary to correct the illegality. Under the circumstances of Christensen's case, this principle militates in favor of curing the flaw, not by making the condition of probation more onerous, but by striking the flawed portion of that condition (here, the requirement of residential treatment).

We recognize that Christensen received a relatively lenient sentence for a felony. If Judge Tunley had indicated when he originally sentenced Christensen that his decision to sentence her to only 45 days' imprisonment was predicated on his concurrent decision to require her to submit to residential alcohol treatment, or if Judge Tunley had indicated in some other fashion at the original sentencing that the requirement of residential treatment was integral to the sentence, then we might view this case differently. However, the sentencing record does not demonstrate that the potential of residential treatment played any such vital role in the superior court's sentencing plan. We therefore conclude that striking or severing the contested probation condition from Christensen's sentence does not fundamentally alter its character. Stated another way, Christensen's sentence was meaningfully imposed even in the absence of the requirement of residential treatment.

For these reasons, we conclude that we must strike the portion of the special condition of probation that requires Christensen to spend time in residential treatment. The remainder of that condition of probation (requiring Christensen to comply with other recommendations of the alcohol program evaluator) remains intact.

The judgement of the superior court is REVERSED.