**Gregory L. OSBORNE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–9802.**

Court of Appeals of Alaska.

May 16, 2008.

David D. Reineke, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Jack S. Schmidt, Assistant District Attorney, Juneau, Diane L. Wendlandt, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

STEWART, Judge.

Gregory L. Osborne was convicted of three counts of second-degree assault and one count of driving under the influence. He received a composite term of 9 years' imprisonment with 30 months to serve and the remainder suspended. Osborne appeals, arguing that his sentence is excessive. In response, the State contends that Osborne has no right to appeal his sentence, and that this court has no jurisdiction to decide Osborne's case.

We conclude that Osborne has a right to appeal his sentence, and that we have jurisdiction to consider Osborne's sentence appeal. We nevertheless conclude that Osborne's composite term is not excessive. However, as we explain below, we conclude that one aspect of the superior court's sentencing decision is illegal. We therefore direct the superior court to amend the judgment to correct this illegality.

*Background facts and proceedings*

On the afternoon of May 13, 2006, three high school students were walking along Willoughby Avenue in Juneau when they were struck from behind by a pickup truck driven by Osborne. All three students were injured when they were knocked down by the collision. One of the students ended up underneath the truck when it stopped.

Osborne was visibly intoxicated, and he was arrested after he performed field sobriety tests. At the Juneau police station, Os-

borne provided a breath sample that showed he had .159 percent blood alcohol level.

The grand jury indicted Osborne on three counts of second-degree assault (recklessly causing serious physical injury to each of the three students) and driving under the influence. At Osborne's trial, the jury convicted Osborne of all four charges.

Osborne had eight prior misdemeanor convictions, which included a prior conviction for driving under the influence, but he was a first felony offender for purposes of presumptive sentencing (*i.e.*, his sentencing on the three felony assault charges). Under AS 11.41.210(b) and AS 12.55.125(d)(1), Osborne faced a presumptive range of 1 to 3 years' imprisonment for each assault conviction. No aggravating or mitigating factors were proposed by either party.

Superior Court Judge Larry R. Weeks concluded that Osborne posed "a substantial danger" to others because of his disregard for the "rules of society." Judge Weeks also concluded that it was important to impose suspended imprisonment in addition to active imprisonment so that Osborne would have an incentive to change his behavior.

On each assault count, Judge Weeks imposed a sentence of 3 years with all but 10 months suspended. He made these sentences consecutive, for a total of 30 months to serve and an additional 6 years and 6 months suspended. For driving under the influence, Judge Weeks imposed a sentence of 1 year with all but 20 days suspended, and he made this sentence concurrent with Osborne's assault sentences.

*Why we conclude that Osborne has the right to appeal his composite sentence, and that we have jurisdiction to hear his appeal*

■ The State argues that Osborne has no right to appeal his sentence. The State relies on AS 12.55.120(e), which was enacted as part of the broad revision of Alaska's presumptive sentencing scheme following the United States Supreme Court's decision in *Blakely v. Washington.*[1] Alaska Statute

12.55.120(e) restricts the circumstances in which a defendant may appeal a composite sentence. The statute provides that a defendant may not appeal an individual felony sentence (on the ground that it is excessive) if the sentence is within the prescribed presumptive range, and it further provides that a defendant may not appeal "a consecutive or partially consecutive sentence imposed in accordance with the minimum sentences set out in AS 12.55.127."

The State points out that, because Osborne received individual sentences within the applicable presumptive range, he has no right to appeal those individual sentences on the ground that they are excessive. (Osborne does not dispute this.) The State further argues that Osborne has no right to appeal his composite sentence on the ground that it is excessive because that composite sentence "was imposed in accordance with the minimum sentences set out in AS 12.55.127." To evaluate the State's argument, we must examine the terms of AS 12.55.127.

AS 12.55.127 (enacted in 2004) contains the rules that govern concurrent and consecutive sentencing. This statute declares that, as a general rule, if a defendant is being sentenced for two or more crimes, these sentences "may be concurrent or partially concurrent."[2] But the statute enumerates several exceptions to this general rule. For instance, if a defendant is convicted of escape, the term of imprisonment for that offense must be fully consecutive to the term of imprisonment for the underlying crime.[3]

The portion of the statute that applies to Osborne's sentencing is AS 12.55.127(c)(2)(F). This subsection states that, because Osborne was convicted of three assaultive crimes under AS 11.41, the superior court had to impose "some additional term of imprisonment for each additional crime."

The State argues that Osborne was sentenced in accordance with this provision—that is, he received "some additional time" to serve for each of his three assaults. Thus,

**1.** 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

**2.** AS 12.55.127(b).

**3.** AS 12.55.127(c)(1).

the State concludes, Osborne has no right to appeal his composite sentence.

The State's interpretation of the statute would essentially preclude sentence appeals of any consecutive or partially consecutive composite sentence—for, by law, *all* consecutive sentences and partially consecutive sentences must be imposed according to the rules laid out in AS 12.55.127.

We do not believe that the legislature intended for AS 12.55.120(e) to be interpreted in this manner. Rather, by its terms, AS 12.55.120(e) precludes a sentence appeal of a consecutive or partially consecutive sentence "imposed in accordance with the *minimum* sentences set out in AS 12.55.127." [4] We therefore conclude that AS 12.55.120(e) was intended to preclude the appeal of a composite sentence only when that composite sentence is less than or equal to the minimum consecutive sentence mandated by AS 12.55.127.

The legislative history of the statute supports our interpretation. We have been unable to find any formal discussion of composite terms of imprisonment during the committee hearings on Senate Bill 56 (24th Legislature)—the bill that enacted AS 12.55.120(e) in its present form. However, the sponsor statement offered in support of Senate Bill 56 explained:

> Under this bill, a sentence cannot be reversed as excessive if it is imposed within [the applicable] presumptive range or [if it] is *required* under [the] consecutive sentencing legislation enacted last year. Over the last two decades the appellate courts in Alaska have developed a large body of case law that has resulted in court-specified "benchmark" sentences that often unnecessarily limit the discretion of sentencing judges. This bill replaces some of those court-imposed "benchmarks" in favor of legislatively enacted sentence ranges.[5]

In the same vein, the section-by-section legislative analysis of Senate Bill 56 explained

that the provision limiting sentence appeals "makes it clear that the [appellate] courts in Alaska cannot reverse a sentence as excessive if [it is] within a [presumptive] range specified in this bill, or imposes a consecutive sentence *required by law*." [6]

As explained above, the portion of the consecutive sentencing statute that applies to Osborne's case—AS 12.55.127(c)(2)(F)—required Osborne to receive "some additional term of imprisonment" for each of his second-degree assault convictions. However, the statute does not specify a minimum for this required "additional term of imprisonment."

Although the parties to this appeal have not briefed this issue, it appears that this statutory requirement would be met if the sentencing court imposed as little as one extra day for each additional assault (because one day is the minimum increment that the Department of Corrections employs to calculate sentences).

Returning, then, to the ultimate issue of whether Osborne can appeal his composite sentence under AS 12.55.120(e), we interpret this statute to mean that Osborne has a right of appeal as long as his composite sentence exceeds the upper limit of the presumptive range for any single count of second-degree assault—3 years—plus the minimum mandatory consecutive sentence specified in AS 12.55.127—2 days.

As explained above, Osborne's composite sentence for the three counts of second-degree assault is 9 years with 30 months to serve and the remainder suspended. He is therefore entitled to challenge this sentence on the ground that it is excessive (and this court has jurisdiction to hear that appeal).

*Osborne's composite term to serve is not excessive*

■ The evidence at Osborne's trial showed that he had been speeding and driving erratically before he struck his three

---

4. Emphasis added.

5. Undated sponsor statement for S.B. 56, 24th Leg. (AK 2005) issued by Senator Gene Therriault (Senate Judiciary Committee file for S.B. 56, 24th Legislature) (emphasis added).

6. Undated sectional analysis of S.B. 56, § 7 (Senate Judiciary Committee file on S.B. 56, 24th Legislature) (emphasis added).

victims. Osborne's breath test result was nearly twice the statutory limit of .08 percent specified in AS 28.35.030. Moreover, Osborne caused severe injuries to the three victims when he ran them down with his pickup.

Osborne's composite 30 months to serve is within the 1– to 3–year presumptive range for a first felony offender convicted of a single count of second-degree assault. Considering the sentencing record as a whole, we conclude that Osborne's composite term of 30 months to serve and an additional 6 years and 6 months suspended is not clearly mistaken.[7]

### One aspect of Osborne's sentence is illegal

██ As we mentioned earlier, there is one aspect of Osborne's sentence that is illegal.

Osborne faced a presumptive range of 1 to 3 years' imprisonment for each count of second-degree assault. When Judge Weeks imposed Osborne's three sentences for second-degree assault, he imposed 3 years (the upper limit of the applicable presumptive range) on each count and suspended all but 10 months of each sentence.

Because Osborne did not prove any mitigating factors, the suspension of this much time was a violation of AS 12.55.125(g)(1). This statute provides that, in the absence of mitigating factors, a defendant's felony sentence of imprisonment "may not be suspended ... below the low end of the [applicable] presumptive range." Here, the low end of the presumptive range was 1 year. Judge Weeks therefore had to impose at least 1 year to serve on each of Osborne's second-degree assault sentences.

Because Osborne's sentences for second-degree assault were not lawfully imposed, we must remand his case to the superior court for entry of an amended judgment that complies with AS 12.55.125(g)(1).

We note, however, that Osborne's sentence can be amended to comply with section 125(g)(1) in a manner that does not increase his composite sentence. Even though the superior court must impose 1 year to serve for each of the three second-degree convictions, the superior court has the authority to make these sentences partially consecutive, so that they total no more than the 30 months to serve that Osborne originally received. Because it is possible to correct Osborne's sentence without increasing it, the superior court is legally obliged to do so.[8]

### Conclusion

Osborne's composite term to serve is AFFIRMED, but the superior court is directed to amend the judgment in conformity with this opinion.

---

7. See McClain v. State, 519 P.2d 811, 813–14 (Alaska 1974) (holding that an appellate court is to uphold a sentencing decision unless the sentence is clearly mistaken).

8. See Christensen v. State, 844 P.2d 557, 558 (Alaska App.1993); Joseph v. State, 712 P.2d 904, 906 (Alaska App.1986).