NOTICE

*The text of this opinion can be corrected before the opinion is published in the* Pacific Reporter. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

DAVID HENRY TRUMBLY JR.,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-11822
Trial Court No. 3KN-12-904 CR

O P I N I O N

No. 2514 — September 2, 2016

Appeal from the District Court, Third Judicial District, Kenai, Matthew Christian, Magistrate Judge.

Appearances: Lars Johnson, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Samuel D. Scott, Assistant District Attorney, Kenai (briefing), John Skidmore, Division Director, Criminal Division Central Office, Anchorage (oral argument), and Craig W. Richards, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

.

Judge ALLARD.

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

A jury convicted David Henry Trumbly Jr. of driving under the influence and refusal to submit to a chemical test. At sentencing, the court initially imposed the mandatory minimum fine of $1,500 for each offense concurrent to one another. A few days later, the court amended the judgment to impose the fines consecutively (for a total fine of $3,000) after the State argued that the court had no authority to impose the fines concurrently.

Trumbly now appeals, arguing that the original judgment was a valid final judgment and the court's actions therefore violated the prohibition against double jeopardy. For the reasons explained here, we agree with Trumbly and conclude that sentencing courts have the discretion to impose these fines consecutively or concurrently. We accordingly remand this case to the district court and direct the court to correct the judgment to reflect the court's initial imposition of concurrent fines.

Trumbly also argues that the police did not have probable cause to arrest him for driving under the influence. Having reviewed the record, we find no merit to this claim. We therefore affirm Trumbly's convictions.

*Why we conclude that the original judgment was lawful*

Under Alaska law, a person convicted of refusal to submit to a chemical test is subject to the same mandatory minimum criminal penalties as a person convicted of the underlying driving under the influence.[1] A first conviction for either driving under the influence (DUI) or refusal to submit to a chemical test (refusal) requires a mandatory minimum term of imprisonment of 72 hours, a mandatory minimum license revocation of 90 days, and a mandatory minimum fine of $1,500.[2] A second conviction for either

---

[1]    *See* AS 28.35.030(b); AS 28.35.032(g).

[2]    AS 28.35.030(b)(1); AS 28.35.032(g)(1); AS 28.15.181(c)(1).

offense requires a mandatory minimum term of imprisonment of 20 days, a mandatory minimum license revocation of 12 months, and a mandatory minimum fine of $3,000.[3] A third conviction for either offense generally qualifies as a felony.[4]

A subsection of the refusal statute, AS 28.35.032(g)(5), additionally requires that the mandatory minimum sentence imposed for the refusal conviction "shall run consecutively with any other sentence *of imprisonment* imposed on the person."[5] Thus, in cases where the defendant is convicted of both refusal and DUI arising out of the same incident, the mandatory term of imprisonments must be imposed consecutively.

Because these were Trumbly's first offenses for driving under the influence and refusal to submit to a chemical test, he faced the mandatory minimum penalties for a first time offender. At sentencing, the judge imposed the 72-hour mandatory minimum term of imprisonment for each offense consecutively, as required by AS 28.35.032(g)(5), but imposed the mandatory minimum license revocations and fines concurrently.

In response, the prosecutor filed a motion asserting that Alaska law required consecutive mandatory minimum fines for driving under the influence and refusal to submit to a chemical test. The district court ultimately agreed with the State and modified Trumbly's judgment to impose the fines consecutively, resulting in a composite fine of $3,000 ($1,500 for each offense).

Trumbly argues that the court erred in concluding that consecutive fines were required by law. Because this question hinges on our construction of the Alaska statutes, we review the question *de novo*.[6]

---

[3] *See* AS 28.35.030(b)(1); AS 28.35.032(g)(1); AS 28.15.181(c)(2).

[4] *See* AS 28.35.030(n); AS 28.35.032(p).

[5] AS 28.35.032(g)(5) (emphasis added).

[6] *See Wilson v. State Dept. of Corrections*, 127 P.3d 826, 829 (Alaska 2006) (We
(continued...)

– 3 –                                                          2514

On appeal, the State acknowledges that AS 28.35.032(g)(5) does not require the sentencing court to impose consecutive fines. This subsection only requires the court to impose consecutive "sentences *of imprisonment*." And, as our caselaw demonstrates, "sentences of imprisonment" refer to terms of imprisonment and do not refer to the other penalties for driving under the influence and refusal, such as license revocations and monetary fines.[7]

The State argues instead that the court was required to impose consecutive fines under AS 28.35.032(g)(2)(A), a different statutory subsection within the refusal statute. This subsection provides that, upon conviction under the refusal statute, "the court may not ... suspend execution of the sentence ... or grant probation except on condition that the person ... serve the minimum imprisonment ... [and] pay the minimum fine."

The DUI statute contains a nearly identical provision.[8] Alaska Statute 28.35.030(b)(2)(A) states that, upon conviction for DUI, "the court may not ... suspend execution of sentence or grant probation except on condition that the person ... serve the minimum imprisonment ... [and] pay the minimum fine."[9]

---

[6]  (...continued)
construe a statute "according to reason, practicality, and common sense, considering the meaning of its language, its legislative history, and its purpose."); *State v. McCallion*, 875 P.2d 93, 98 (Alaska App. 1994).

[7]  *Snyder v. State*, 879 P.2d 1025, 1030 (Alaska App. 1994), *rev'd on other grounds*, 930 P.2d 1274 (Alaska 1996); *see also Baker v. State*, 182 P.3d 655, 660 (Alaska App. 2008).

[8]  *See* AS 28.35.030(b)(2)(A)(i) - (ii).

[9]  *Id.*

These provisions were amended to their current form in 2005 to change the result that this Court reached in *Curtis v. State*.[10] In *Curtis*, we addressed the question of whether a sentencing court had the authority to suspend the mandatory minimum fine for DUI.[11] At the time, the DUI statute and the refusal statute both prohibited courts from suspending the mandatory minimum term of imprisonment for persons convicted of either offense,[12] but the statutes said nothing about a court's authority to suspend the mandatory minimum fine.[13] We held that, in the absence of a statute specifically prohibiting sentencing courts from suspending the mandatory minimum fine, sentencing courts retained that power — because, under AS 12.55.080 and AS 12.55.015(a)(7), courts are granted the general authority to suspend any "sentence."[14]

In 2005, in a long-delayed response to *Curtis*, the Alaska legislature amended the DUI and refusal statutes to also prohibit courts from suspending the mandatory minimum fines for these offenses.[15] The sponsor of the legislation, Representative Norman Rokeberg, told legislators during committee debate on the bill that the criminal courts, particularly the courts in Juneau, had been routinely suspending mandatory minimum fines in DUI cases, and that his bill was aimed at putting an end to

---

[10]   831 P.2d 359 (Alaska App. 1992).

[11]   *Id.*

[12]   *See* AS 28.35.030(b)(2)(A)(i) & (n)(2)(A)(i); AS 28.35.032(g)(2)(A)(i) & (p)(2)-(A)(i).

[13]   *See* former AS 28.35.030(b)(2) & (n)(2) (pre-July 14, 2005 version). The refusal statute was identical in relevant respects. *See* former AS 28.35.032(g)(2) & (p)(2) (pre-July 14, 2005 version).

[14]   *Curtis*, 831 P.2d at 360-61.

[15]   Ch. 68, § 1 (adding AS 28.35.030(b)(2)(A)(ii)), § 4 (adding AS 28.35.032(g)(2)(A)-(ii)), SLA 2005; *see also* House Bill 136, 24th Leg., 1st Sess. (2005) (as introduced).

that practice.[16] Representative Rokeberg explained that the bill would "basically repeal" *Curtis*.[17]

The State argues that the 2005 legislation was also aimed at eliminating judicial authority to impose the mandatory minimum fine concurrently with a defendant's fines for any other offenses, particularly the mandatory minimum fines for refusal. But neither the plain language of the amendments nor the legislative history supports this claim.

The 2005 legislation made it clear that courts could no longer *suspend* these mandatory minimum fines, but it said nothing about whether the court was required to impose these fines concurrently or consecutively to other fines. Significantly, after we decided *Curtis* in 1992, but before the 2005 legislation, we decided *Snyder v. State*, in which we upheld the authority of the courts to impose mandatory minimum fines and license revocation penalties concurrently in cases where defendants were convicted of both DUI and refusal.[18] But there was no discussion of overruling *Snyder* during the committee debate of the 2005 bill. Nor was there any attempt to modify AS 28.35.-032(g), the statutory provision in the refusal statute that directly addresses consecutive and concurrent sentencing in these types of cases.

For these reasons, we conclude that Alaska law does not prohibit the concurrent imposition of mandatory minimum fines when a defendant is sentenced for both driving under the influence and refusal. Thus, the district court's original judgment

---

[16] *See* Minutes of Senate Finance Committee, House Bill 136, statement of Representative Norman Rokeberg (May 1, 2005, at 2:46:58 p.m.).

[17] *Id*.

[18] *Snyder v. State,* 879 P.2d 1025,1030 (Alaska App.1994), *rev'd on other grounds*, 930 P.2d 1274 (Alaska 1996); *see also Baker v. State*, 182 P.3d 655, 660 (Alaska App. 2008) (affirming in dicta court's authority to impose fines and license revocations concurrently).

in this case was lawful, and the court violated the prohibition against double jeopardy when the court modified the judgment to Trumbly's detriment by imposing the fines consecutively.[19]

*Why we conclude that the police had probable cause to arrest Trumbly*

Trumbly also argues that the police lacked probable cause to arrest him for driving under the influence, and that the district court therefore erred in denying his motion to suppress. We find no merit to this claim.

The district court held an evidentiary hearing on Trumbly's suppression motion and, based on the evidence presented at that hearing, made detailed factual findings. Trumbly does not challenge any of the court's factual findings; instead, he argues that those findings were insufficient to support the court's legal conclusion that there was probable cause for his arrest. In particular, Trumbly contends that the police had no evidence that he drove erratically or performed poorly on field sobriety tests. (Trumbly declined to perform field sobriety tests.)

Evidence of field sobriety tests or poor driving is not invariably required to support an arrest for driving under the influence. Rather, probable cause for an arrest exists if the police are aware of facts and circumstances that, taken together, warrant a reasonable belief that an offense has been or is being committed.[20] We review *de novo* the legal question of whether a trial court's findings of fact establish probable cause.[21]

---

[19]  *Love v. State*, 799 P.2d 1343, 1345 (Alaska App. 1990) ("The double jeopardy clause of the Alaska Constitution prevents an increase in any sentence that has been 'meaningfully imposed.'").

[20]  *Saucier v. State*, 869 P.2d 483, 484 (Alaska App. 1994).

[21]  *Chandler v. State*, 830 P.2d 789, 792 (Alaska App. 1992).

Here, the district court found that a gas station clerk called the Kenai Police Department to report that a man who appeared to be intoxicated had just driven away from the station. The clerk provided a description of the vehicle and the driver, as well as the vehicle license plate number. Police dispatch relayed this information to police officers in the field, and informed them that the vehicle was registered to David Trumbly, who lived nearby. About five minutes later, the officers arrived at Trumbly's apartment complex and saw a vehicle matching the clerk's description. The vehicle's hood was still warm.

When the officers knocked on Trumbly's door, Trumbly answered, and he matched the physical description given by the service station clerk. The officers observed that Trumbly smelled strongly of alcohol, that his eyes were bloodshot and glossy, and that his speech was thick. When the officers asked Trumbly how he was doing, he replied, "Drunk off my ass." Trumbly had an open beer bottle in his hand, but the bottle was almost full and Trumbly was already visibly intoxicated.

We agree with the district court that these facts gave the police probable cause to arrest Trumbly for driving under the influence.

*Conclusion*

We AFFIRM Trumbly's convictions. We VACATE the provision of Trumbly's judgment that imposes consecutive fines, and we direct the district court to impose the fines concurrently, in accordance with the district court's initial sentencing decision. We do not retain jurisdiction of this case.