**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 43720/43721**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Opinion No. 2** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  January 13, 2017** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **BRYANN KRISTINE LEMMONS,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Randy J. Stoker, District Judge.

Judgment of conviction and unified fifteen-year sentence with three years determinate for trafficking in methamphetamine, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Bryann Kristine Lemmons appeals from her judgment of conviction and unified fifteen-year sentence with three years determinate for trafficking in methamphetamine. Specifically, Lemmons contends that the district court abused its discretion by concluding that it did not have discretion to order mandatory minimum fines as concurrent fines.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A jury found Lemmons guilty of two counts of conspiracy to traffic in methamphetamine, Idaho Code § 37-2732B(b), and two counts of trafficking in methamphetamine, I.C. § 37-2732B(a)(4).  Idaho Code Section 37-2732B(a)(4)(A) required the district court to impose a mandatory minimum term of imprisonment of three years determinate and fines of $10,000 on each count.  Idaho Code Section 18-308 gave the court discretion to impose Lemmons' terms of

1

imprisonment concurrently. At sentencing, Lemmons argued the district court also had discretion to impose concurrent fines (i.e., that payment of each dollar by Lemmons for fines on one count would be credited as a dollar payment for fines on each of the other counts[1]). In response, the district court stated:

> I can find nothing in the state of Idaho, by statute or case law either, that deals with the issue we have in this case of mandatory fines; therefore, it is my conclusion that I am required, Ms. Lemmons, to impose the mandatory fines in all of these cases in this case.

The district court sentenced Lemmons to concurrent imprisonment terms of fifteen years with three years determinate for each count. The court fined Lemmons $10,000 for each count for a total of $40,000 in fines. The court declined to impose the fines concurrently, stating:

> I do not see that I have any discretion to impose other than a $10,000 fine on each count, and I understand there's an argument there, but when the legislature created mandatory sentences in Idaho and specified a minimum fine, I think that that's exactly what it means, and all these counts stand on their own. I have the authority to run concurrent sentences in terms of the underlying penitentiary sentence, but I don't think I do with regard to fines.

Lemmons timely appeals.

## II.

## ANALYSIS

Lemmons claims the district court abused its discretion in refusing to impose her fines concurrently. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

As noted, the applicable sentencing statute in this case, I.C. § 37-2732B(a)(4)(A), provided that the convicted person "shall be sentenced to a mandatory minimum fixed term of

---

[1] Merriam-Webster defines the word "concurrent" as "operating or occurring at the same time." MERRIAM-WEBSTER, http://www.merriam-webster.com/dictionary/concurrent (last visited November 16, 2016). Black's Law Dictionary defines the word "concurrent" as "operating at the same time." BLACK'S LAW DICTIONARY 331 (9th ed. 2009). The State points out that the term "concurrent fines" would more accurately describe fines that are paid at the same time. Although it poorly describes the concept Lemmons argues the court should have applied, we will use the term "concurrent fines" in this case because it succinctly describes that concept.

imprisonment of three (3) years and fined not less than ten thousand ($10,000)." Idaho Code Section 18-308 provides that "terms of imprisonment" may be ordered served consecutively. Thus, as to the prison term, the district court possessed statutory authority to order the prison sentences to run concurrently or consecutively. Lemmons acknowledges that, while I.C. § 18-308 permits concurrent terms of imprisonment, there is no statutory authority expressly permitting concurrent fines, particularly mandatory fines. This is a case of first impression in Idaho.

Lemmons asserts the district court had common law discretion to impose her fines concurrently. In support of this assertion, Lemmons cites Idaho cases holding that, in the absence of statutory authority indicating otherwise, trial courts have common law discretion to impose "sentences" consecutively or concurrently. *See State v. Lawrence*, 98 Idaho 399, 400-01, 565 P.2d 989, 990-91 (1977). Lemmons argues that the term "sentence" is broader than the term of imprisonment and includes fines. Indeed, in *State v. Alexander*, 138 Idaho 18, 26, 56 P.3d 780, 788 (Ct. App. 2002), this Court held that the mandatory minimum fine is part of the sentence. Lemmons thus asserts the court abused its discretion by failing to recognize its discretion to impose her fines concurrently. The State responds that I.C. § 18-308 and the common law grant courts discretion to impose *terms of imprisonment* concurrently but do not grant courts discretion to impose *fines* concurrently. The State argues that the district court did not have authority to order that Lemmons receive $4.00 of credit toward her mandatory fines for every $1.00 she pays.

We hold that the district court did not have common law authority to order the mandatory minimum fines to be concurrent. While it is true that Idaho trial courts have broad common law sentencing discretion, the legislature has limited that discretion for sentences in drug trafficking cases by requiring courts to impose mandatory minimum imprisonment terms and fines on each count of trafficking for which a defendant is convicted. *See* I.C. §§ 18-106, 37-2732B. Although under common law and I.C. § 18-308 trial courts may impose concurrent terms of imprisonment, there is no similar authority with regard to concurrent fines. None of the Idaho appellate cases which hold that trial courts have common law authority to order sentences to run concurrently or consecutively expressly include fines within their use of the word "sentence." Those cases deal with terms of imprisonment. In *Lawrence,* the Supreme Court stated that "the primary effect of [I.C. § 18-308 is] essentially to reinstate the common law rule[.]" *Lawrence,*

3

98 Idaho at 401, 565 P.2d at 991. While, again, *Lawrence* dealt with the terms of imprisonment, it should be noted that I.C. § 18-308, in reinstating the common law, does not include fines. Lemmons has provided no relevant authority holding that Idaho trial courts have common law authority to order concurrent fines.

Lemmons cites cases from other jurisdictions in which appellate courts approved the imposition of concurrent fines. *See Trumbly v. State*, 379 P.3d 996, 999 (Alaska Ct. App. 2016); *State v. McDonagh*, 304 P.3d 212, 216 (Ariz. Ct. App. 2013); *Ex parte Bell*, 246 P. 893, 895 (Okla. Crim. App. 1926); *State v. Woodcock*, 922 S.W.2d 904, 918 (Tenn. Crim. App. 1995); *State v. Crook*, 248 S.W.3d 172, 177 (Tex. Crim. App. 2008). The courts in several of the cases Lemmons cites interpreted relevant state statutes to *require* imposition of concurrent fines. *See McDonagh*, 304 P.3d 212 at 215-16; *Bell*, 246 P. at 893-95; *Crook*, 248 S.W.3d at 177. Those cases are not applicable here because Lemmons only argues the trial court had common law authority to impose concurrent fines. Moreover, none of the courts in the cases Lemmons cites held that the common law provided authority for the imposition of concurrent fines. *See Trumbly*, 379 P.3d 997-99; *McDonagh*, 304 P.3d at 213-16; *Bell*, 246 P. at 894-95; *Woodcock*, 922 S.W.2d at 917-18; *Crook*, 248 S.W.3d at 174-77. We are constrained to hold that Lemmons has failed to demonstrate that the district court had statutory or common law authority to impose concurrent mandatory minimum fines.

## III.

## CONCLUSION

The district court correctly found that it did not have discretion to impose concurrent fines. Lemmons' judgment of conviction and sentence for trafficking in methamphetamine is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR**.

4