Chester LOVE, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1628.

Court of Appeals of Alaska.

Oct. 26, 1990.

Chester Love, Seward, pro se.

Larry Cohn, Asst. Public Advocate, and Brant McGee, Public Advocate, Anchorage, for appellant.

Nancy R. Simel, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, District Court Judge.*

## OPINION

BRYNER, Chief Judge.

Chester Love was found guilty by a jury of two counts of robbery in the first degree, a class A felony, and one count of misconduct involving a weapon in the first degree, a class C felony. Prior to sentencing, Love moved for a new trial based on newly discovered evidence, claiming that a fellow inmate at the Cook Inlet Pretrial Facility, Sammy Lee Hemphill, had confess-

ed committing the crimes in Love's case. Superior Court Judge Karl S. Johnstone conducted an evidentiary hearing, heard Hemphill's testimony, and denied Love's motion, concluding that Hemphill was "probably the most non-believable witness I've ever seen in a court."

Love was subsequently sentenced and appealed the denial of his new trial motion. While the appeal was pending, Love filed a second motion with the superior court, renewing his request for a new trial. In support of the renewed motion, Love submitted, *inter alia*, affidavits from two newly discovered witnesses who had information that Love believed would corroborate Hemphill's confession. Judge Johnstone denied the renewed motion without a hearing after the state moved for summary disposition. On appeal, Love claims that the trial court erred in denying his motion and renewed motion for a new trial.

■ The power to grant a new trial is entrusted to the discretion of the trial court, whose decision is subject to reversal only for an abuse of discretion. *See Dorman v. State*, 622 P.2d 448, 455–56 (Alaska 1981). To establish grounds for relief, Love bore the burden of showing that his newly discovered evidence would probably produce an acquittal. *Id.* In exercising his discretion to decide whether newly discovered evidence would result in an acquittal, the trial judge was required to decide "the probable impact of that evidence based on his view of its credibility." *Gonzales v. State*, 691 P.2d 285, 287 (Alaska App.1984).

■ In this case, Judge Johnstone denied Love's original motion for a new trial based on his conclusion that Hemphill's testimony lacked credibility and was therefore unlikely to produce an acquittal. Having reviewed the record, we cannot say that Judge Johnstone abused his discretion in reaching this decision.

■ Nor can we find an abuse of discretion in Judge Johnstone's summary denial of Love's renewed motion for a new trial. Judge Johnstone could properly conclude that the facts recited in the affidavits of

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

Love's two newly discovered witnesses, even if true, would not have lent sufficient corroborative weight to Hemphill's proposed testimony to render an acquittal probable. Accordingly, the judge did not err in summarily denying Love's renewed motion.

Love separately contends that the trial court improperly increased his sentence. Love had not yet been sentenced when Judge Johnstone denied his original motion for a new trial. Upon denying the motion, Judge Johnstone inquired about sentencing. The parties were in agreement that Love was subject to presumptive sentencing as a third felony offender. Judge Johnstone asked whether any aggravating or mitigating factors had been proposed. The prosecution informed the judge that none had been filed. Judge Johnstone then indicated that he was prepared to proceed with sentencing immediately. The prosecutor replied, "That's fine." After allowing Love the opportunity for allocution, Judge Johnstone imposed Love's sentence, making the following remarks:

> I believe all the *Chaney* criteria, the goals under the declaration of purpose statute can be achieved with the presumptive sentence in this case. I commit the defendant to the commissioner of Health and Social Services to serve a presumptive sentence of fifteen years at this time.

Upon concluding his sentencing remarks, Judge Johnstone instructed his in-court clerk to "[S]tay on the record for fingerprints." The clerk declared, "Please rise, court's in recess." Pursuant to Judge Johnstone's instructions, the tape recorder in the courtroom remained in operation for approximately two minutes while Love was fingerprinted. During this time, Love and his attorney discussed the possibility of an appeal, and the officer taking the fingerprints instructed Love on how to move his fingers for the prints. When the process was completed, an unidentified voice informed the in-court clerk that Love's prints

had been taken. The clerk then declared, "off record," and stopped the recorder.[1]

Sometime thereafter, Judge Johnstone returned to the courtroom and reconvened proceedings, announcing, "[i]t's brought to the court's attention that there were aggravating factors that were asserted. [The prosecutor] was incorrect in his statement there weren't any. Based on that, is there any objection to vacating the sentence just imposed and setting it for a sentencing date on April 8?" Over Love's objection, the judge vacated the sentence and set a date for a new sentencing hearing. At the second hearing, Judge Johnstone found two aggravating factors and sentenced Love to consecutive terms of twenty years for each robbery count. One of the two sentences was suspended in its entirety. The judge also imposed a concurrent five-year term for the offense of misconduct involving a firearm.

On appeal, Love contends that the sentencing court impermissibly increased the presumptive term that it originally imposed. Love argues that the increase violated his right against double jeopardy. *See, e.g., Shagloak v. State*, 582 P.2d 1034 (Alaska 1978).

■ The double jeopardy clause of the Alaska Constitution prevents an increase in any sentence that has been "meaningfully imposed." *See* Alaska Constitution, article I, § 9; *Sonnier v. State*, 483 P.2d 1003 (Alaska 1971). "A sentence is meaningfully imposed when it is legally imposed and not subject to change under [Alaska's] criminal rules." *Shagloak*, 582 P.2d at 1037 (footnotes omitted). We have consistently held that a sentence remains subject to change and is not meaningfully imposed until the sentencing hearing is formally concluded; the court may correct inadvertence or oversight at any time before adjourning. *Connolly v. State*, 758 P.2d 633, 637 (Alaska App.1988); *Dentler v. State*, 661 P.2d 1098, 1099 (Alaska App.1983).

---

1. The typed transcript that has been included in the record does not reflect all of the events that transpired after Judge Johnstone instructed his in-court clerk to "stay on the record for finger-

prints." Our description of the ensuing events is based upon a review of the original tape recording of the proceedings.

The initial question is thus whether Love's sentencing hearing had formally concluded before Judge Johnstone vacated the sentence. The record reveals that, after sentencing Love to "a presumptive sentence of fifteen years," Judge Johnstone declared the court in recess, directing the clerk to remain on-record only for the formality of taking Love's fingerprints. This was completed, and the clerk went off-record. At this point, the sentencing hearing was plainly adjourned. An unspecified period of time then elapsed before Judge Johnstone returned to the bench. Judge Johnstone's remarks establish that his decision to resume proceedings was based on information that he received after adjourning proceedings. The situation is not one involving clerical error. Nor can it even be said that there was inadvertence involved in the original sentence. The court had expressly asked the state if it was prepared to go forward with sentencing immediately and had been told, "That's fine."

■ In short, although it appears that the decision of the court and the prosecutor to proceed immediately with sentencing was rather precipitous and not clearly thought through, the fifteen-year sentence that Judge Johnstone imposed was plainly intended as a complete sentence. Having imposed this sentence, Judge Johnstone proceeded to adjourn the sentencing hearing. Given these circumstances, the sentence must be deemed to have been "meaningfully imposed" to the extent that it was a lawful sentence.

To the extent that the sentence was unlawful, however, it remained subject to modification regardless of whether the original hearing had been concluded. We have previously held that an unlawful sentence is not "meaningfully imposed" and, as such, may be modified. *See State v. Price*, 715 P.2d 1183, 1186 (Alaska App. 1986); *Bishop v. Anchorage*, 685 P.2d 103, 105 (Alaska App.1984); *State v. LaPorte*, 672 P.2d 466, 469 n. 7 (Alaska App.1983).

■ Here, the originally imposed sentence was unquestionably illegal. Love was convicted of three separate offenses. Because the court imposed a single fifteen-year term without specifying the offenses to which it applied, the sentence amounted to an unlawful general sentence. *See, e.g., Benson v. United States*, 332 F.2d 288, 292 (5th Cir.1964). Moreover, we have previously held that, before imposing a presumptive term, the superior court has an affirmative duty to consider potentially applicable aggravating and mitigating factors. *Hartley v. State*, 653 P.2d 1052, 1056 (Alaska App.1982). In relying exclusively on the willingness of the parties to stipulate to the lack of aggravating and mitigating factors, and in proceeding to impose a presumptive term without giving the matter independent consideration, Judge Johnstone arguably violated this duty and thereby imposed sentence unlawfully.

■ The fact that Love's sentence was unlawfully imposed and therefore subject to modification is not, however, dispositive. An unlawful sentence is subject to modification only to the extent actually necessary to correct the illegality. *See Thomas v. State*, 566 P.2d 630, 637 (Alaska 1977); *Joseph v. State*, 712 P.2d 904, 906 (Alaska App.1986). In imposing Love's original sentence, Judge Johnstone was fully aware of the offenses for which Love had been convicted and unequivocally expressed his intent to sentence Love to a total of fifteen years' imprisonment. Although the manner in which Judge Johnstone imposed Love's sentence was unlawful, the judge plainly had the authority to impose a lawful sentence totaling fifteen years' imprisonment. The fact that his original sentence was general did not preclude Judge Johnstone from imposing specific concurrent sentences totalling fifteen years. Furthermore, the subsequent finding of applicable aggravating factors did not require Judge Johnstone to impose a sentence that exceeded the applicable presumptive term. *See Juneby v. State*, 641 P.2d 823, 838 (Alaska App.1982), *modified on other grounds*, 665 P.2d 30 (Alaska App.1983) (a finding of aggravating or mitigating factors renders adjustment of presumptive term permissible but not mandatory).

Because the illegality in this case did not actually necessitate an increase in Love's originally imposed sentence, we conclude that the sentencing court erred in resentencing Love to a greater composite term than had originally been imposed. *See Joseph*, 712 P.2d at 906.

The conviction is AFFIRMED. The sentence is VACATED, and this case is REMANDED for imposition of a composite term not exceeding fifteen years' imprisonment.