NOTICE

*The text of this opinion can be corrected before the opinion is published in the* Pacific Reporter. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| TRISTAN JAMALL GRANT,<br><br>Petitioner,<br><br>v.<br><br>STATE OF ALASKA,<br><br>Respondent. | Court of Appeals No. A-12619<br>Trial Court No. 3AN-11-7467 CR<br><br>O P I N I O N<br><br>No. 2512 — August 19, 2016 |

Petition for Review from the Superior Court, Third Judicial District, Anchorage, Paul E. Olson, Judge.

Appearances: Michael T. Schwaiger, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Petitioner. Jenna L. Gruenstein, Assistant District Attorney, Anchorage, and James E. Cantor, Acting Attorney General, Juneau, for the Respondent.

Before: Mannheimer, Chief Judge, and Allard, Judge.

Judge MANNHEIMER.

While Tristan Jamall Grant was on probation for fourth-degree controlled substance misconduct in this case, he committed a new crime — a federal offense — and Grant's state probation officer filed a petition to revoke his probation.

While that probation revocation petition was pending, the federal court sentenced Grant to serve 6 months' imprisonment for the new federal crime. Several weeks later, the superior court revoked Grant's probation in this case and sentenced him to serve 2 months of his previously suspended jail time.

The superior court initially made this 2-month probation revocation sentence concurrent with Grant's federal sentence. But the superior court later concluded that, under Alaska sentencing law, these two sentences had to run consecutively. The court therefore amended Grant's judgement to make the 2-month probation revocation sentence consecutive to Grant's federal sentence.

Grant now petitions this Court to reverse the superior court's decision — to order the superior court to again make the 2-month probation revocation sentence concurrent with Grant's federal sentence. Grant argues that the superior court violated his rights under the double jeopardy clause when the court amended Grant's probation revocation sentence to make it consecutive to his federal sentence.

We grant the petition for review — and, for the reasons explained here, we affirm the superior court's decision.

*The superior court's interpretation of AS 12.55.127(a) was correct*

Normally, once a criminal sentence is meaningfully imposed, any increase in that sentence will violate the double jeopardy clause.[1] But a sentence is not "meaningfully imposed" for these purposes if the sentence is illegal.[2] Thus, if a sentence

---

[1] *Sonnier v. State*, 483 P.2d 1003, 1005 (Alaska 1971); *Forster v. State*, 236 P.3d 1157, 1172 (Alaska App. 2010); *Lapp v. State*, 220 P.3d 534, 537 (Alaska App. 2009).

[2] *Smith v. State*, 892 P.2d 202, 203 (Alaska App. 1995); *Dunham v. Juneau*, 790 P.2d
(continued...)

is illegally lenient, the sentencing court may adjust it upward — although only to the extent necessary to cure the illegality. [3]

In Grant's case, the superior court concluded that, under Alaska law, Grant's 2-month probation revocation sentence had to be consecutive to the sentence Grant received for his new federal crime. Thus, the court concluded, it had acted illegally when it made the probation revocation sentence concurrent with Grant's federal sentence.

The superior court based its ruling on subsection (a) of AS 12.55.127, the statute that governs consecutive sentencing. Subsection (a) declares:

> If a defendant is required to serve a term of imprisonment under a separate judgment, [then any] term of imprisonment imposed in a later judgment, amended judgment, or probation revocation shall be consecutive.

Admittedly, the meaning of this provision might not be immediately clear. But in *Smith v. State*, 187 P.3d 511, 515 (Alaska App. 2008), we held that subsection (a) was intended to re-codify Alaska's pre-existing rule about consecutive sentencing in cases where a defendant commits a new crime. More specifically, we held in *Smith* that AS 12.55.127(a) was intended to re-codify the interpretation of former AS 12.55.025(e) that this Court adopted in *Wells v. State*, 706 P.2d 711, 714 (Alaska App. 1985).

---

[2]   (...continued)
239, 240-41 (Alaska App. 1990); *State v. LaPorte*, 672 P.2d 466, 468-69 & n. 6 (Alaska App. 1983); Charles A. Wright, *Federal Practice and Procedure: Criminal* (2nd ed. 1982), § 582, Vol. 3, pp. 380-89.

[3]   *Byford v. State*, 352 P.3d 898, 906 (Alaska App. 2015); *Smith v. State*, 892 P.2d 202, 203-04 (Alaska App. 1995); *Christensen v. State*, 844 P.2d 557, 558 (Alaska App. 1993); *Curtis v. State*, 831 P.2d 359, 360 (Alaska App. 1992); *Love v. State*, 799 P.2d 1343, 1346-47 (Alaska App. 1990); *Joseph v. State*, 712 P.2d 904, 905-06 (Alaska App.1986).

Under former AS 12.55.025(e), as interpreted in *Wells*, when a defendant was sentenced for a probation violation based on the defendant's commission of a new crime, the court was required to impose the probation revocation sentence consecutively to the defendant's sentence for the new crime. We clarified this matter in *Jackson v. State*, 31 P.3d 105, 107-08 (Alaska App. 2001):

> Under AS 12.55.025(e), when a defendant is sentenced for a new crime and faces revocation of probation for a previous crime, the sentences must be imposed consecutively. To the extent that [the court] imposed Jackson's sentence concurrently, that sentence was illegal.

*See also Callan v. State*, 904 P.2d 856, 857 & n. 3 (Alaska App. 1995); *Jennings v. State*, 713 P.2d 1222, 1223-24 (Alaska App. 1986).

Because this was the rule before the enactment of AS 12.55.127(a), and because AS 12.55.127(a) was intended to re-codify this rule, the superior court was correct when it concluded that Grant's probation revocation sentence had to be consecutive to the sentence he received for his new crime.

*Grant's argument that AS 12.55.127(a) does not apply to defendants whose new crime is a violation of federal law*

Grant argues that even if AS 12.55.127(a) calls for this result when a defendant's probation is revoked for the commission of a new crime under Alaska law, the statute does not apply when the defendant's new crime is a violation of federal law — or, presumably, a violation of any other state's law.

In making this argument, Grant relies on the rule of lenity — that is, the rule that penal statutes should be construed against the government. Grant argues that since AS 12.55.127(a) does not explicitly refer to crimes defined under the laws of other

jurisdictions, the statute should be interpreted as not applying when a defendant commits a new crime under federal law or under the law of another state.

Under the rule of lenity, when a statute establishing a criminal penalty is reasonably susceptible of more than one meaning, the statute should be construed so as to provide the most lenient penalty. [4] But as this Court explained in *De Nardo v. State*, "this rule of lenity or strict construction comes into play only when, after employing normal methods of statutory construction, the legislature's intent cannot be ascertained or remains ambiguous." 819 P.2d 903, 907 (Alaska App. 1991).

This Court has also explained that the rule of lenity does not require courts to minutely probe statutes for any conceivable ambiguity or lack of clarity. Even though criminal statutes are generally construed strictly, "[s]trict construction ... does not require that statutes be given the narrowest meaning allowed by [their] language". *State v. Jones*, 750 P.2d 828, 831 (Alaska App. 1988). Rather, criminal statutes should still be given "a reasonable or common sense construction, consonant with the objectives of the legislature." *Ibid.*, quoting *Belarde v. Anchorage*, 634 P.2d 567, 568 (Alaska App. 1981).

The rule of mandatory consecutive sentencing that was formerly codified in AS 12.55.025(e), and that is currently codified in AS 12.55.127(a), was intended to ensure that defendants receive some measure of additional punishment when they commit new crimes after being sentenced for earlier crimes. Grant fails to offer any plausible explanation as to why the legislature would not want this rule to apply to defendants whose new crimes are violations of federal law or the laws of other states.

---

[4]  *Ward v. Dept. of Public Safety*, 288 P.3d 94, 97-98 (Alaska 2012); *State v. Parker*, 147 P.3d 690, 697 (Alaska 2006); *State v. Andrews*, 707 P.2d 900, 907 (Alaska App. 1985).

We therefore reject Grant's argument that AS 12.55.127(a) does not apply when a defendant's new crime is a violation of federal law.

*Conclusion*

The decision of the superior court is AFFIRMED.