NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>Pacific</u> <u>Reporter</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| MUNICIPALITY OF ANCHORAGE, | Court of Appeals No. A-12772 |
| Petitioner, | Trial Court No. 3AN-16-5597 CR |
| v. | O P I N I O N |
| MARK ANTHONY BROOKS, | |
| Respondent. | No. 2547 — April 14, 2017 |

Petition for Review from the District Court, Third Judicial District, Anchorage, Douglas Kossler, Judge.

Appearances: Daniel E. Doty, Assistant Municipal Prosecutor, and William Falsey, Municipal Attorney, Anchorage, for the Petitioner. Shaul L. Goldberg, Denali Law Group, Anchorage, for the Respondent.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge MANNHEIMER.

This past year, the Alaska Legislature enacted SLA 2016, chapter 36 — popularly known as "Senate Bill 91" — which effected a wide-ranging revision of our

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

criminal statutes. One of the provisions of this law modified the sentencing range for class A misdemeanors.

Previously, the statute governing misdemeanor sentencing provided a penalty of up to 1 year's imprisonment for all persons convicted of a class A misdemeanor. Now, however, the maximum penalty for a class A misdemeanor is 30 days' imprisonment unless the defendant's case meets one or more of the criteria listed in AS 12.55.135(a)(1). [1]

In the present case, we are asked to interpret one of those criteria — subsection (1)(C) of AS 12.55.135(a) — which declares that the maximum penalty for a class A misdemeanor is 1 year's imprisonment if "[the] defendant has past criminal convictions for conduct violative of criminal laws ... similar in nature to the offense for which the defendant is being sentenced".

The defendant in this case, Mark Anthony Brooks, was charged by the Municipality of Anchorage with operating a motor vehicle under the influence. He has one prior conviction for this offense. At Brooks's change-of-plea hearing, the question arose whether Brooks faces a maximum sentence of 1 year's imprisonment under subsection (1)(C) — *i.e.*, the subsection quoted in the preceding paragraph.

The district court ruled that Brooks is *not* covered by subsection (1)(C), and that his maximum sentence is therefore 30 days.

The district court based this ruling on the fact that subsection (1)(C) speaks of "convictions" in the plural. The court acknowledged that Alaska law contains a provision which declares that, when a court interprets a statute, the court should assume that the singular form of nouns includes the plural, and that the plural form of nouns

---

[1]    *See* SLA 2016, ch. 36, § 91.

includes the singular. See AS 01.10.050(b): "Words in the singular number include the plural, and words in the plural number include the singular."

In the present case, however, the district court concluded that it should not follow this rule of construction when interpreting AS 12.55.135(a)(1)(C). The district court declared that the "plain, ordinary meaning" of the word "convictions" is "more than one conviction." The court also declared that the Municipality had failed to offer any legislative history affirmatively proving that the Alaska Legislature intended the word "convictions" to be interpreted in the singular as well as the plural. Thus, the district court concluded, the category of defendants with prior "convictions" does not encompass defendants who have only a single conviction.

We conclude that the district court's decision is incorrect.

First, we disagree with the district court that the plain or ordinary meaning of the word "convictions" is strictly limited to "two or more convictions", and that people understand this word to exclude a single conviction. For example, we seriously doubt that any judge who asked a defense attorney, "Does your client have prior convictions?" would have much patience with an attorney who answered this question "No", if the attorney knew that their client had one prior conviction.

The converse is also true. Consider, for example, a sentencing statute that said:

> The maximum penalty for a class A misdemeanor is 30 days' imprisonment, but the maximum penalty is 1 year if the defendant has a prior conviction for the same or a similar crime.

No appellate court would interpret such a statute as providing a 1-year maximum sentence for only those defendants who have *precisely* one prior conviction.

Second, because our legislature has enacted AS 01.10.050(b) — the statute that says "words in the plural number include the singular" — it was not the Municipality's burden to show that the legislative history of AS 12.55.135(a) offered some affirmative reason to think that the word "convictions" included a single conviction. Rather, the burden of persuasion was on the party (here, the defendant) who wanted to *limit* the meaning of "convictions" so that it excluded a single conviction.

See *Laase v. 2007 Chevrolet Tahoe*, 776 N.W.2d 431, 435 (Minn. 2009), where the Minnesota Supreme Court considered a statute that is essentially identical to our AS 01.10.050(b). The Minnesota court held that courts must apply the default "singular/plural" rule of construction even when there is no affirmative indication of ambiguity in the wording of the statute to be construed, unless the results of applying this default rule would be "inconsistent with the manifest intent of the legislature, or repugnant to the context of the statute."

Brooks, therefore, was the party who bore the burden of affirmatively showing that, if the word "convictions" were construed to include defendants with only one conviction, this would be inconsistent with the Alaska Legislature's intent. Brooks failed to meet that burden.

Indeed, SLA 2016 chapter 36 contains several provisions where the legislators used the plural form of a noun when they obviously meant to include the singular. For instance, Section 2 of the session law enacted an amended version of AS 04.16.160(a), which declares that a person "may not purchase alcoholic beverages" if the person has been ordered to refrain from consuming alcohol as a condition of probation or parole. And Section 59 of the session law enacted an amended version of AS 12.30.011(i), which declares that a court must consider a defendant's "record of convictions" when setting pre-trial bail conditions.

We also note that, during a House Judiciary Committee hearing held on April 11, 2016 (a hearing at which the committee reviewed a newly amended version of Senate Bill 91), the Committee discussed the subject of misdemeanor sentencing. During this discussion, a member of Senator John Coghill's staff (Senator Coghill was the lead sponsor of SB 91) told the House committee that, under the Senate bill, there was a 30-day ceiling on sentences for first-offense misdemeanor assaults, but that "any crime that is a repeat conviction can be sentenced outside the 30-day range".[2]

For these reasons, we conclude that Brooks failed to show that AS 12.55.-135(a)(1)(C) should be interpreted at odds with the normal rule of statutory construction codified in AS 01.10.050(b) — the rule that "words in the plural number include the singular".

The district court offered one final rationale for construing "convictions" to exclude a single conviction. The court relied on the rule of lenity — the principle that ambiguous penal statutes should be construed against the government. But as this Court explained in *DeNardo v. State*, "this rule of lenity or strict construction comes into play only when, after employing normal methods of statutory construction, the legislature's intent cannot be ascertained or remains ambiguous." 819 P.2d 903, 907 (Alaska App. 1991).

Criminal statutes are not unresolvably ambiguous merely because reasonable people might, in good faith, debate their meaning or their scope.[3] Rather, the question is "whether the statute's meaning is unresolvably confused or ambiguous *after* it has been subjected to legal analysis [through] study of the statute's

---

[2] Minutes of the House Judiciary Committee, April 11, 2016 @ 1:20:18.

[3] *DeNardo*, 819 P.2d at 908.

wording, examination of its legislative history, and reference to other relevant statutes and case law[.]"[4]

Nor must criminal statutes be given the narrowest meaning allowed by their language.[5] Rather, criminal statutes should be given a reasonable or common-sense construction, consonant with the objectives of the legislature.[6]

In the present case, for the reasons explained above, we conclude that the legislature's intention can be ascertained: AS 12.55.135(a)(1)(C) was intended to apply to defendants who have one or more prior convictions "for conduct violative of criminal laws ... similar in nature to the offense for which the defendant is being sentenced".

The decision of the district court is REVERSED. Because of his prior conviction, Brooks faces a maximum penalty of 1 year's imprisonment for his current offense.

---

[4] *Ibid.* (emphasis in the original).

[5] *Grant v. State*, 379 P.3d 993, 995-96 (Alaska App. 2016), quoting *State v. Jones*, 750 P.2d 828, 831 (Alaska App. 1988).

[6] *Grant*, 379 P.3d at 996; *Jones*, 750 P.2d at 831; *Belarde v. Anchorage*, 634 P.2d 567, 568 (Alaska App. 1981).